IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOSHUA DAVIDSON<br>    Plaintiff,<br><br>v.<br><br>WORK SERVICES CORPORATION,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>7:24-cv-00055-O |

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL AND SUPPORTING BRIEF

Defendant Work Services Corporation (WSC) brings this dismissal motion under FED. R. CIV. P. 12(b)(6) and states as follows:

**I.**

**Introduction**

This is an employment practices case. Plaintiff Josh Davidson is a deaf individual. He worked for WSC for several years. WSC is a non-profit corporation whose mission is to create workplace opportunities for individuals with physical and mental disabilities by providing them with training and employment.

During Davidson's employment, he filed an EEOC charge of discrimination against WSC. The EEOC could not substantiate any of the allegations and dismissed the charge. After Davidson voluntarily resigned to return to school, he sued WSC alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act or TCHRA), TEX. LAB. CODE § 21.052 *et seq.*

1

In the Complaint, Davidson alleges two disability-based legal theories: disparate treatment discrimination and a failure to accommodate. WSC moves to dismiss Davidson's TCHRA claims and the failure-to-accommodate claim for failing to state a claim and because Davidson did not exhaust administrative remedies before bringing suit.

## II.

## Background and Summary

Rule 12(b)(6) is a proper mechanism for dismissing claims for failure to exhaust administrative remedies. *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.4 (5th Cir. 2004). Requiring exhaustion is not a procedural "gotcha". It is a mainstay of proper enforcement of fair employment remedies. *McClain v. Lufkin*, 519 F.3d 264, 272-3 (5th Cir. 2008). Allowing unexhausted claims to be brought in court would "thwart the administrative process and peremptorily substitute litigation for conciliation." *Madaki v. Am. Airlines, Inc.,* No. 4:21-cv-0760-P, at * 4 (N.D. Tex. Jan. 25, 2022) (Pittman, J.) (quoting *McClain,* 519 F.3d at 273).

Here, the Complaint does not state a claim under the TCHRA. Davidson does not allege that he filed a charge of discrimination with the Texas Workforce Commission or that his EEOC charge was forwarded to the TWC. In addition, the EEOC charge does not reference the Texas Commission on Human Rights Act, the TCHRA, Chapter 21 of the Texas Labor Code, or any Texas law. Davidson also has not exhausted the administrative remedies to bring a failure-to-accommodate claim under the ADA or TCHRA. A plaintiff must file a charge of discrimination with the EEOC within 180 days of when an alleged unlawful employment practice occurs under Texas law and 300 days under the ADA. Davidson did not raise any failure-to-accommodate issues within 180 days or 300 days. WSC's motion to dismiss should be granted.

### III.

### Davidson's Charges of Discrimination

A true copy of Davidson's EEOC charge of discrimination is attached and incorporated herein as Exhibit A.  The Complaint mentions Davidson's EEOC charge but Davidson neglects to attach it.  According to Davidson, he filed the charge with the EEOC "on or about August 31, 2022."  *See* ECF No. 1 at ¶¶72-73.  Roughly a year later, on August 17, 2023, Davidson filed an amended EEOC charge.  A true copy of the amended EEOC charge is attached and incorporated herein as Exhibit B.  Davidson's original and amended charge does not reference the TCHRA or any Texas law.  His failure-to-accommodate allegation is only found in the amended charge filed more than 300 days after the alleged conduct.  *See* Ex. B ("In or around April 2022, I requested a reasonable accommodation in the form of qualified interpreters.  Respondent is aware of my disability.  However, Respondent provided qualified interpreters on only one occasion."

### IV.

### Motion to Dismiss Standard

The Fifth Circuit has recognized that Rule 12(b)(6) is a proper basis for dismissal for failure to exhaust administrative remedies.  *See Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004) (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 476-78 n. 8 (5th Cir. 1997)).  This Court recently described the legal standard for Rule 12(b)(6) motions in *Deaton v. Johnson*, No. 4:23-cv-00415-O, at *4-5 (N.D. Tex. Mar. 4, 2024) (O'Connor, J.):

> Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the

defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when the plaintiff pleads factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007). However, the Court is not bound to accept legal conclusions as true. *Iqbal*, 556 U.S. at 678-79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). A court ruling on a motion to dismiss "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

## V.

### Administrative Exhaustion Requirement

The ADA and TCHRA provide legal remedies for individuals who experience unlawful employment practices based on disability and each contains mandatory administrative exhaustion requirements. Before bringing suit on a TCHRA claim, a claimant must exhaust his or her state administrative remedies. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804-05 (Tex. 2010); *Lopez v. Tex. State Univ*., 368 S.W.3d 695, 701 (Tex. App.-Austin 2012, pet. denied). This means a plaintiff must (1) file a complaint with the Texas Workforce Commission – Civil Rights Division ("TWC") within 180 days of the alleged unlawful employment practice; (2) allow the TWC 180 days to dismiss or resolve the complaint; and (3) bring suit in the district court within 60 days of receiving a right-to-sue letter from the TWC and no later than two years after the administrative

complaint was filed. *Lopez*, 368 S.W.3d at 701 (citing TEX. LAB. CODE §§ 21.202, .208, .254, .256).

The ADA's administrative requirements are similar but not identical. The ADA incorporates by reference Title VII's administrative requirements. *See* 42 U.S.C. § 12117(a); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). Before bringing a Title VII or ADA suit, an employee must timely file a charge with the Equal Employment Opportunity Commission ("EEOC"). *See Id*. (citing 42 U.S.C. § 2000e-5(e)(1)). The charge must be filed within 300 days of the alleged unlawful conduct. *Walton-Lentz v. Innophos, Inc.*, 476 Fed.Appx. 566, 569 (5th Cir. 2012). The employee also must receive a right-to-sue letter and file suit within 90 days. *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Only after the EEOC issues its dismissal and right-to-sue letter may the employee sue the employer.

The purpose of these administrative exhaustion requirements is to "giv[e] the charged party notice of the claim, narrowing the issues for speedier and more effective adjudication and decision, and giving the administrative agency and the employer an opportunity to resolve the dispute." *Lopez*, 368 S.W.3d at 701 (citing *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006); *Manning v. Chevron Chem. Co*., LLC, 332 F.3d 874, 878-79 (5th Cir. 2003)). "Failure to exhaust is not a procedural 'gotcha' issue. It is a mainstay of proper enforcement of [anti-discrimination] remedies." *McClain v. Lufkin*, 519 F.3d 264, 272 (5th Cir. 2008). Allowing courts to hear legal claims that have not been administratively exhausted would "thwart the administrative process and peremptorily substitute litigation for conciliation." *Id.* at 273.

## VI.

### Davidson's Complaint Fails to State a TCHRA Claim

Count III of the Complaint is Davidson's claim alleging violations of Chapter 21 of the Texas Labor Code. Davidson cannot bring TCHRA claims because he does not state a valid

TCHRA claim. The Complaint is entirely devoid of allegations that he satisfied the TCHRA's mandatory administrative requirements:

- The Complaint does not allege that Davidson filed a charge of discrimination with the TWC. *See* ECF No. 1 at ¶¶ 72-75.

- The Complaint contains no allegations that the EEOC forwarded Davidson's charge to the TWC to confirm that the state administrative review process was initiated; and

- Importantly, neither the original charge, nor the amended charge, identify the TCHRA or Texas Labor Code as a statutory basis for Davidson's claims.

Having failed to allege factual allegations that he exhausted his state administrative remedies, Davidson cannot maintain a TCHRA claim.

## VII.

### Davidson Did Not Administratively Exhaust His Failure-to-Accommodate Claim under the ADA or TCHRA

Davidson's original charge, filed in August 2022, contains no substance reflecting a failure-to-accommodate. The original charge is limited to disparate treatment disability discrimination under the ADA and sexual harassment under Title VII. *See* Ex. A. There is no substance referencing any alleged failure to accommodate. The original charge does not exhaust the administrative requirements for a failure-to-accommodate claim.

While Davidson's amended charge, filed in August 2023, includes failure-to-accommodate allegations, those allegations were raised too late to satisfy federal and state administrative requirements. Under the TCHRA, an administrative charge must be filed within 180 days of the alleged unlawful employment practices. *See* TEX. LAB. CODE § 21.202(a). Davidson had 300 days of the alleged unlawful conduct to bring a charge for failure-to-accommodate under the ADA. *See*

6

42 U.S.C. § 2000e-5(e)(1)).  Davidson contends in the amended charge that the failure-to-accommodate occurred "in or around April 2022." *See* Ex. B.  Three hundred days from the last day of April 2022 is February 23, 2023.  Davidson did not file the amended charge until a half year later in late August 2023.  His failure-to-accommodate claim was not filed with the TWC and EEOC within either 180 or 300 days of the alleged employment practices.  As a result, his claim is untimely and time-barred.

Davidson save his failure-to-accommodate claim by relying on the Fifth Circuit's "relate back" doctrine.  True enough, the claim would have been timely under the ADA (and possibility the TCHRA) if he had raised the failure-to-accommodate allegations in his original August 2022 charge.  But allegations in an amended charge only relate back if the facts supporting the claims "are essentially the same" as those in the original charge.  *Manning v. Chevron Chem. Co.*, LLC, 332 F.3d 874, 878-79 (5th Cir. 2003).  "Generally, amendments that raise a new legal theory do not 'relate back' to an original charge of discrimination." *Id*. (internal citations omitted).  Here, a failure-to-accommodate is a new legal theory as compared to the ADA disparate treatment and Title VII sex harassment allegations in Davidson's original charge.

The Fifth Circuit has recognized that "a failure-to-accommodate claim under the ADA is distinct from a claim of disparate treatment." *EEOC v. LHC Group, Inc.*, 773 F.3d 688, 703 n.6 (5th Cir. 2014) (quoting *Windhauser v. Bd. of Supervisors for La. State Univ. & Agric. & Mech. Coll*., 360 Fed. App'x. 562, 565 (5th Cir. 2010)).  An EEOC charge alleging only facts supporting a disparate treatment claim does not exhaust a claim of failure to reasonably accommodate. *Gamel v. Forum Energy Techs.*, No. H-19-3604, at *1 (S.D. Tex. Aug. 11, 2021) (citing *Windhause*r,360 Fed.Appx. at 565 (internal quotation omitted); *Hamar v. Ashland, Inc.*, 211 Fed.Appx. 309, 310 (5th Cir. 2006) (per curiam) (affirming a district court's dismissal of an ADA reasonable-accommodation claim because the underlying EEOC charge asserted only employment

7

discrimination) (citing *MacKenzie v. Denver*, 414 F.3d 1266, 1274 n. 13 (10th Cir.2005); *Jones v. Sumser Retirement Village*, 209 F.3d 851, 854 (6th Cir.2000); *Green v. National Steel Corp.*, 197 F.3d 894, 897–98 (7th Cir.1999); *Belmear v. Mary Kay Inc.*, 2000 WL 127282 (N.D.Tex. Feb. 3, 2000) (Fitzwater, J.)); *See also Robles v. Tex. Tech Univ. Health Scis. Ctr.*, 131 F. Supp. 3d 616, 633 (W.D. Tex. 2015)

Based on *Manning*, *Windhauser,* and *Hamar,* Davidson's failure-to-accommodate claim cannot relate back to the original charge because it is a new legal theory.  Davidson, in turn, cannot bring a failure-to-accommodate claim under the ADA or TCHRA because he did not exhaust his administrative requirements.

## VIII.

## Conclusion

Davidson's Complaint does not state a claim under the TCHRA and he did not exhaust administrative requirements to bring a failure-to-accommodate claim under the TCHRA or the ADA.  The Court should grant this motion and dismiss these claims under Rule 12(b)(6), and award WSC all other and further relief to which it is entitled.

Respectfully submitted,

/s/ Barry S. Hersh

Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, PC
12377 Merit Drive, Suite 880
Dallas, TX 75251
Tel.  (214) 303-1022
Fax  (214) 550-8170
barry@hersh-law.com

ATTORNEY FOR DEFENDANT
WORK SERVICES CORPORATION

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing is being filed using the Northern District's CM/ECF system which is to send notice of service of the foregoing filing to all opposing parties by and through their attorney(s) of record via e-mail.  Certified on this 10th day of May, 2024.

/s/ Barry S. Hersh